No. 15-2108

UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

UNITED STATES OF AMERICA
Plaintiff – Appellee,

v.

DANIEL T. ECKSTROM
Defendant – Appellant.

Appeal from the United States District Court
for the Northern District of Indiana
Case No. 2:13 CR 84
The Honorable Philip Peter Simon
United States District Judge

BRIEF AND REQUIRED SHORT APPENDIX
OF DEFENDANT – APPELLANT ECKSTROM DANIEL THOMAS

P. Jeffrey Schlesinger
Attorney at Law
8396 Mississippi Street
Suite G
Merrillville, IN 46410
Telephone: (219) 736-5555
Facsimile: (866) 828-7739
pjeffslaw@aol.com

Attorney for Defendant – Appellant
ECKSTROM DANIEL THOMAS

## CIRCUIT RULE 26.1   DISCLOSURE STATEMENT

Appellate Court No: 15-2108

Short Caption: United States v. Eckstrom

To enable the judges to determine whether recusal is necessary or appropriate, an attorney for a non-governmental party or amicus curiae, or a private attorney representing a government party, must furnish a disclosure statement providing the following information in compliance with Circuit Rule 26.1 and Fed. R. App. P. 26.1.

The Court prefers that the disclosure statement be filed immediately following docketing; but, the disclosure statement must be filed within 21 days of docketing or upon the filing of a motion, response, petition, or answer in this court, whichever occurs first. Attorneys are required to file an amended statement to reflect any material changes in the required information. The text of the statement must also be included in front of the table of contents of the party's main brief. **Counsel is required to complete the entire statement and to use N/A for any information that is not applicable if this form is used.**

[  ]     **PLEASE CHECK HERE IF ANY INFORMATION ON THIS FORM IS NEW OR REVISED AND INDICATE WHICH INFORMATION IS NEW OR REVISED.**

(1)  The full name of every party that the attorney represents in the case (if the party is a corporation, you must provide the corporate disclosure information required by Fed. R. App. P 26.1 by completing item #3):

Eckstrom Daniel Thomas

(2)  The names of all law firms whose partners or associates have appeared for the party in the case (including proceedings in the district court or before an administrative agency) or are expected to appear for the party in this court:

P. Jeffrey Schlesinger, Attorney at Law, 8396 Mississippi Street, Suite G, Merrillville, IN 46410

(3)  If the party or amicus is a corporation:

   i)  Identify all its parent corporations, if any; and

   N/A

   ii)  list any publicly held company that owns 10% or more of the party's or amicus' stock:

   N/A

Attorney's Signature: s/ P. Jeffrey Schlesinger          Date: June 30, 2015

Attorney's Printed Name: P. Jeffrey Schlesinger

Please indicate if you are *Counsel of Record* for the above listed parties pursuant to Circuit Rule 3(d).   Yes  X   No _____

Address: 8396 Mississippi Street, Suite G, Merrillville, IN 46410

Phone Number: (219) 736-5555          Fax Number: (866) 828-7739

E-Mail Address: pjeffslaw@aol.com

rev. 01/08 AK

i

# TABLE OF CONTENTS

**Page**

JURISDICTIONAL STATEMENT………………………………………………………1

ISSUE PRESENTED FOR REVIEW………………………………………...………...1

STATEMENT OF THE CASE……………………………………………………1-3

    1. Nature of the Case………………………………………………….....1-2

    2. Relevant Facts and Proceedings in the District Court……………………3

SUMMARY OF ARGUMENT……………………………………………………3-4

ARGUMENT……………………………………………………………4-7

CONCLUSION……………………………………………………………...7-8

CERTIFICATE OF COMPLIANCE……………………………………………9

CIRCUIT RULE 30(D) STATEMENT…………………………………………10

CERTIFICATE OF SERVICE………………………………………………11

JUDGEMENT……………………………………………………………12-18

# TABLE OF AUTHORITIES

**<u>Constitutions</u>**

United States Constitution, Eighth Amendment...................................................1, 7

**<u>Cases</u>**

*Gall v. United States*, 552 U.S. 38, 51 (2007)..............................................4, 5

*United States v. Olsen*, 450 F. 3d. 655, 686 (7th Cir. 2006)............................4

*Whitman v. Nesic*, 368 F. 3d. 931, 934 (7th Cir. 2004)..................................4

*Henry v. Page*, 223 F. 3d. 477, 482 (7th Cir. 2000), *cert. denied,* (532 U.S. 959, 2001)........4

*United States v. Hawk*, 434 F. 3d. 959, 963 (7th Cir. 2006)...........................5

*United States v. Schmitt*, 495 F. 3d. 860, 864 (7th Cir. 2007)........................5

*United States v. Busa*, 551 F. 3d. 669, 674 (7th Cir. 2008)...........................5

*United States v. Johnson*, 471 F. 3d. 764, 766 (7th Cir. 2006)........................5

*United States v. Kane*, 552 F. 3d. 748, 752 (8th Cir. 2009)...........................5

*United States v. Spann*, 757 F. 3d. 674, 675 (7th Cir. 2014)..........................5

**<u>Federal Statutes</u>**

18 U.S.C. §3231...................................................................................1

18 U.S.C. §2251 and 2252........................................................................1

28 U.S.C. §1291 and 1294........................................................................1

18 U.S.C. §3742(a)(1) and (2)...................................................................1

18 U.S.C. §3553..........................................................................1, 3, 4, 5, 6

**<u>Federal Rules</u>**

Fed. R. Crim. Pro. 18............................................................................1

**<u>Sentencing Guidelines</u>**

U.S.S.G., 5A n. 2……………………………………………………………………………………..7

## JURISDICTIONAL STATEMENT

This is a direct appeal from a judgment in a criminal case entered by the United States District Court, Northern District of Indiana, Hammond Division. Specifically, this is an appeal challenging the sentence imposed by the district court.

The United States District Court for the Northern District of Indiana had original jurisdiction pursuant to 18 U.S.C. §3231 which provides exclusive jurisdiction for offenses against the United States, and Fed. R. Crim. Pro. 18. The underlying indictment in this case charged Appellant Daniel Eckstrom with multiple offenses in violation of Title 18, United States Code §§2251 and 2252. The United States Court of Appeals for the Seventh Circuit has appellate jurisdiction pursuant to 28 U.S.C. §§1291 and 1294 and 18 U.S.C. §3742(a)(1) and (2). Mr. Eckstrom challenges his sentence as violating the Eight Amendment to the United States Constitution. This appeal is from a final judgement of conviction and sentence entered on May 18, 2015. Mr. Eckstrom filed a timely Notice of Appeal on May 20, 2015.

## ISSUE PRESENTED FOR REVIEW

Whether the sentencing considerations in 18 U.S.C. §3553 and the Eighth Amendment to the United States Constitution prohibit the sentence of two thousand eight hundred eighty months which the District Court imposed upon Mr. Eckstrom.

## STATEMENT OF THE CASE

### 1. Nature of the case

The Indictment filed in this case against Mr. Eckstrom contained seven Counts of Production of Child Pornography. The first five counts involved the same victim (identified in

1

the Indictment as Jane Doe 1). Count One of the Indictment alleged that between January 1, 2009 and on or about December 31, 2009 Mr. Eckstrom attempted to and did knowingly employ, use, persuade, induce, entice and coerce Jane Doe 1 who was eight to nine years old at that time to engage in sexually explicit conduct for the purpose of producing any visual depiction of such conduct, where such visual depiction was produced using materials that had been mailed, shipped, transported and affecting interstate commerce by any means. Counts Two through Five charged the same conduct with Jane Doe 1 with each count specifying a different year from 2010 through 2013.

Count Six charged Mr. Eckstrom with knowingly employ, use, persuade, induce, entice and coerce a different child, Jane Doe 2, who was six to seven years old at the time to engage in sexually explicit conduct for the purpose of producing any visual depiction of such conduct. Count Seven involved a third victim, Jane Doe 3 who was nine to ten years old at the time. The offense was alleged to have been committed between January 1, 2012 and on or about December 31, 2012. Lists of images and videos and dates of production was also included in each count.

Count Eight charged Eckstrom with knowingly distributing, using any means of facility of interstate foreign commerce, one or more visual depictions of actual minors under the age of eighteen engaging in sexual explicit conduct between January 1, 2012 and on or about May 23, 2013. Count Nine alleged that Mr. Eckstrom knowingly possessed one or more matters containing visual depictions which had been mailed, or had been shipped and transported in an affecting interstate foreign commerce, by any means including by computer, where the producing of each visual depiction involved the use of actual minors under the age of eighteen engaged in sexually explicit conduct on or about May 23, 2013.

2

## 2.  Relevant Facts and Proceedings in the District Court

Mr. Eckstrom changed his plea to guilty on all counts without the benefit of a plea agreement on January 7, 2014.  After several continuances, a sentencing hearing was held on May 12, 2015.  Following presentation of evidence and arguments by counsel, the court calculated a guideline range of 43 pursuant to the United States Sentencing Guidelines which recommended life imprisonment.  The court then sentenced Mr. Eckstrom to the maximum term for each count, three hundred sixty months on each of Counts One to Seven, two hundred forty months on Count Eight and one hundred twenty months on Count Nine and ordered all terms to be served consecutively for a total sentence of two thousand eight hundred eighty months. [1]

### SUMMARY OF ARGUMENT

The United States Code and Sentencing Guidelines mandate strict punishment for any individual involved in production, distribution or possession of child pornography.  Children are certainly among the most vulnerable victims of crimes and deserve protection.  Most individuals are extremely offended by anyone who would produce, distribute or possess child pornography.

Acknowledging strong visceral feelings by the public, the judiciary has an obligation to consider rationally factors set forth in 18 U.S.C. §3553 when imposing sentence.  The nature and circumstances of the offense are one factor, but no matter how egregious the offense is, it should not preclude consideration of the history and characteristics of the defendant.  Furthermore, the

---

[1] The transcript of the sentencing hearing indicates the total sentence is two thousand two hundred eighty months, but addition of the individual terms and the written judgment show the total sentence to be two thousand eight hundred eighty months.  (STR. 76).

statute requires that any sentence imposed be sufficient, but not greater than necessary, to comply with the purposes set forth therein. Mr. Eckstrom believes that his sentence is so severe that the trial court could not have properly considered his history or characteristics. Furthermore, the sentence is so severe that it violates the Eighth Amendment prohibition against cruel and unusual punishment.

**ARGUMENT**

### A. Standard of Review

The Court of Appeals reviews sentencing decisions for reasonableness, applying the abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007).

### B. Argument

The Eighth Amendment to the United States Constitution prohibits punishments which involve the unnecessary wanton infliction of pain, are grossly disproportionate to the severity of the crime for which an inmate was imprisoned, or are totally without penalogical justification. *United States v. Olsen*, 450 F. 3d. 655, 686 (7th Cir. 2006) citing *Whitman v. Nesic*, 368 F. 3d. 931, 934 (7th Cir. 2004) and *Henry v. Page*, 223 F. 3d. 477, 482 (7th Cir. 2000), *cert. denied*, (532 U.S. 959, 2001). In non-capital felony convictions, a particular sentence that falls within legislatively prescribed limits will not be considered disproportionate unless the sentencing court abused its discretion. *Olsen, supra*.

18 U.S.C. §3553(a) authorizes only sentences that are "sufficient, but not greater than

4

necessary, to comply with the purposes" of sentencing. Those purposes include the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment, deter future criminal activity, protect the public, and provide effective education, training, and treatment. 18 U.S.C. §3553(a)(2). When determining a reasonable sentence, the court must consider various factors listed in 18 U.S.C. §3553(a) including the advisory sentencing guideline, which it may not presume is reasonable. *United States v. Hawk*, 434 F. 3d. 959, 963 (7th Cir. 2006); *United States v. Schmitt*, 495 F. 3d. 860, 864 (7th Cir. 2007).

Mr. Eckstrom acknowledges that it is perfectly acceptable for courts to assign various weights to the factors as they deem appropriate in the context of each case. *United States v. Busa*, 551 F. 3d. 669, 674 (7th Cir. 2008). However, a court's weighing of those factors must be "within the bounds of reason". *Id.* quoting *United States v. Johnson*, 471 F. 3d. 764, 766 (7th Cir. 2006). A trial court may abuse its discretion when imposing sentence when, "(1) a court fails to consider a relevant factor which should have received weight; (2) a court gives significant weight to an improper or irrelevant factor; or (3) a court considers only the appropriate factors but in weighing those factors commits a clear error of judgment". *United States v. Kane*, 552 F. 3d. 748, 752 (8th Cir. 2009). Mr. Eckstrom contends that the court failed to consider his lack of criminal history and efforts at rehabilitation as relevant factors which should have received significant weight, and committed an error of judgement when weighing appropriate factors.

"The judge must justify, by reference to the sentencing factors in 18 U.S.C. §3553(a), the sentence he imposes – and must do so whether it is inside or outside the applicable guidelines range." *United States v. Spann*, 757 F. 3d. 674, 675 (7th Cir. 2014); citing *Gall v. United States*, 552 U.S. 38, 49-50 (2007). In Mr. Eckstrom's case, the trial judge seems to have based the

5

sentence upon his personal repulsion of Mr. Eckstrom's conduct. The judge referred to this as "the single most disturbing case that I've had in twelve or thirteen years as a judge". (App. 3). He also referred to the nature of the offense as "unimaginable" (App. 5), "dastardly" (App. 7), and "unforgivable" (App. 8).

Mr. Eckstrom agrees that the facts of this offense were particularly heinous, but that does not give the trial judge license to sentence based upon the nature of the crime alone and ignore the other factors in 18 U.S.C. §3553. The judge failed to explain how the sentence would promote respect for the law or deter criminal activity either from Mr. Eckstrom or the public in general. The judge also did not explain why a sentence of two thousand eight hundred eighty months was sufficient, but not greater than necessary. It appears as though a sentence one quarter as long or seven hundred twenty months would have equally served all of the purposes of 18 U.S.C. §3553.

The imposition of a maximum sentence also gives Mr. Eckstrom no benefit for acceptance of responsibility. The United States Sentencing Guidelines gives a criminal defendant a reduction in sentence in acknowledgment of his accepting responsibility of his behavior. The adoption of the United States Sentencing Guidelines by the legislature is a clear indication that the legislature supported a policy to give a defendant in a criminal case a reduced sentence if they admitted their crimes. The benefit to the government from this provision is obvious in that it saves considerable time and resources when prosecuting a criminal defendant. In this case, Mr. Eckstrom admitted that he was guilty of all charged offenses in a timely fashion thereby saving the government time and expense of a trial. Mr. Eckstrom also identified other

6

individuals with whom he had shared child pornography permitting additional prosecutions and limiting the future distribution of large amounts of child pornography.

The Pre-Sentence Report recommended that Mr. Eckstrom receive a reduction of the maximum permissible three levels in his guideline range as an indication of his acceptance of responsibility. Despite the recommendation, Mr. Eckstrom received no credit for his acceptance of responsibility. His original guideline ranges calculated was 58 and with the three level reduction it would have been 55. The guidelines provide that any range greater than 43 is reduced to 43 which is a recommendation of a life sentence. (U.S.S.G., 5A n.2)

In addition, Mr. Eckstrom used the period of time between his arrest and sentencing, almost two years, to work toward rehabilitation. By imposing the maximum sentence, Mr. Eckstrom received no credit whatsoever for his acceptance of responsibility. The court thereby failed to acknowledge the character of the offender. This sentence has policy implications beyond Mr. Eckstrom. If any criminal defendant has a guideline range above 45, there is no incentive to plead guilty. In a child pornography case, a plea of guilty not only saves the government time and money, but spares the victims the possibility of testifying, and the prospect of reliving their abuse in the media. The fact that he admitted his conduct early and consistently, demonstrates the desire of Mr. Eckstrom to alter his conduct, another fact which receives no consideration from the trial court.

## CONCLUSION

The district court violated the Eighth Amendment's prohibition against cruel and unusual punishment when sentencing Daniel Eckstrom to a term of incarceration of two hundred forty

years, the maximum for the crimes with which he was charged. The court also violated the intent of the United States Sentencing Guidelines by failing to give Mr. Eckstrom any credit for acceptance of responsibility. Finally, the court erred in basing its sentence solely on the nature of the crime and not giving adequate consideration to the characteristics of Mr. Eckstrom. Mr. Eckstrom seeks reward and reversal of his sentence. Mr. Eckstrom additionally seeks any other relief deemed necessary.

DATED:        June 30, 2015                    Respectfully submitted,

                                               */s/ P. Jeffrey Schlesinger*
                                               P. Jeffrey Schlesinger
                                               Attorney for Defendant-Appellant
                                               Daniel Thomas Eckstrom

P. Jeffrey Schlesinger
Attorney at Law
8396 Mississippi Street, Suite G
Merrillville, IN 46410
Telephone: (219) 736-5555
Facsimile: (866) 828-7739
pjeffslaw@aol.com

## CERTIFICATE OF COMPLIANCE WITH FRAP RULE 32(a)(7)

The Defendant-Appellant's principal brief does not exceed 30 in length.  Accordingly, no Certificate of Compliance with Fed.R.App.P. 32(a)(7) is required.

Dated: June 30, 2015                                    Respectfully submitted,

                                                        */s/ P. Jeffrey Schlesinger*
                                                        P. Jeffrey Schlesinger
                                                        Attorney for Defendant-Appellant
                                                        Daniel Thomas Eckstrom

## CIRCUIT RULE 30(D) STATEMENT

Pursuant to Circuit Rule 30(d), counsel certifies that all material required Circuit Rule 30(a) and (b) are included in the Appendix.

Dated: June 30, 2015                                         Respectfully submitted,

                                                             */s/ P. Jeffrey Schlesinger*
                                                             P. Jeffrey Schlesinger
                                                             Attorney for Defendant-Appellant
                                                             Daniel Thomas Eckstrom

**CERTIFICATE OF SERVICE**

I hereby certify that on June 30, 2015, I electronically filed the Appellant's Brief and Appendix with the Clerk of the Court using the CM/ECF system and sent copies of such filings to the following:

Jill Koster

Respectfully submitted,

*/s/ P. Jeffrey Schlesinger*

11

JUDGMENT OF THE DISTRICT COURT

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA

**UNITED STATES OF AMERICA**

**Plaintiff,**

vs.

**DANIEL THOMAS ECKSTROM**

**Defendant.**

**CASE NUMBER: 2:13CR84-001**

USM Number: 12819-027

**PAUL JEFFREY SCHLESINGER**
**DEFENDANT'S ATTORNEY**

## JUDGMENT IN A CRIMINAL CASE

THE DEFENDANT pleaded guilty to counts 1 - 9 of the Indictment on 1/7/2014.
ACCORDINGLY, the court has adjudicated that the defendant is guilty of the following offenses:

| Title, Section & Nature of Offense | Date Offense Ended | Count Number(s) |
|---|---|---|
| 18:2251(a) AND 18:2 PRODUCTION OF CHILD PORNOGRAPHY AND AIDING AND ABETTING | May 24, 2013 | 1-7 |
| 18:2252(a)(2) RECEIPT OF CHILD PORNOGRAPHY | May 24, 2013 | 8 |
| 18:2252(a)(4) POSSESSION OF CHILD PORNOGRAPHY AND 18:2251 AND 2253 SEXUAL EXPLOITATION FORFEITURE ALLEGATIONS | May 24, 2013 | 9 |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

**IT IS ORDERED** that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of any material change in economic circumstances.

May 12, 2015
Date of Imposition of Judgment

s/ Philip P. Simon
Signature of Judge

Philip P. Simon, Chief United States District Judge
Name and Title of Judge

May 18, 2015
Date

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **2,880 months. This term consists of the following:**
360 months on each of Counts 1 – 7, 240 months on Count 8, 120 months on Count 9, all terms to be served **consecutively.**

The Court makes the following recommendations to the Bureau of Prisons:

> (1) That the defendant be placed in a BOP facility that offers the SOMP (Sex Offender Management Program). Counsel for the defendant specifically noted the facilities at Marion and Elkton.
> (2) That the defendant have the opportunity to participate in the RDAP Program.
> (3) That the defendant receive credit for time served.
> (Note: defense counsel notes that the SOMP program is a priority over the RDAP program if both programs are not available at one facility.)

The defendant is REMANDED to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

Defendant delivered _____ to _____ at _____,
with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By: _____
DEPUTY UNITED STATES MARSHAL

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of LIFE. This term consists of LIFE on each count, to be served concurrently.

The defendant shall not commit another federal, state or local crime.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance.

The defendant shall submit to one drug test within 15 days of release from imprisonment and two (2) periodic drug tests thereafter, as determined by the court.

The defendant shall cooperate in the collection of DNA as directed by the probation officer.

The defendant shall comply with the requirement of the Sex Offender Registration and Notification Act (42 U.S.C. Section 16901, et seq), as directed by the probation officer, the Bureau of Prisons, and any state sex offender registration agency in which he resides, works, or is a student, or was convicted of a qualifying offense.

## DISCRETIONARY CONDITIONS

The defendant shall not leave the judicial district without the permission of the court or probation officer.

The defendant shall report to the probation officer in the manner and as frequently as directed by the court or probation officer.

The defendant shall not answer falsely any inquiries by the probation officer and follow the instructions of the probation officer as they relate to the conditions imposed by the court.

The defendant shall work at a lawful occupation, unless excused by the probation officer for schooling, training or other acceptable reasons, i.e., childcare, eldercare, disability, age, and serious health condition.

The defendant shall notify the probation officer at least ten days prior to any change in residence or employer. In the event that a defendant is involuntarily terminated from employment or evicted from a residence, the offender must notify the probation officer within forty-eight (48) hours.

The defendant shall not knowingly and intentionally be in the presence of anyone who is illegally selling, using or distributing a controlled substance and if such activity commences when he is present, the defendant must immediately leave the location.

The defendant shall not knowingly and intentionally associate with any persons engaged in criminal activity.

The defendant shall permit a probation officer to visit him at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.

The defendant shall notify the probation officer within seventy-two (72) hours of being arrested or questioned by a law enforcement officer.

The defendant shall notify the probation officer of any material change in his economic circumstances that might affect his ability to pay any unpaid amount of restitution, fines or special assessments.

FURTHER, the defendant shall comply with the following **SPECIAL CONDITIONS:**

The defendant shall register with local law enforcement agencies and the state attorney general, as directed by the probation officer.

At the direction and discretion of the probation officer, the defendant shall participate in an approved psychological and behavioral testing, evaluation, and assessment program for the treatment and monitoring of sex offenders and if warranted, an approved sex-offender group and individual counseling program. The defendant shall comply with all of the requirements and restrictions of those programs and pay the costs of these rehabilitative programs if financially able to do so.

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in this judgment.

| Total Assessment | Total Fine | Total Restitution |
|:---:|:---:|:---:|
| $900.00 | NONE | $250,000 |

The defendant shall make the special assessment payment payable to Clerk, U.S. District Court, 5400 Federal Plaza, Suite 2300, Hammond, IN 46320. The special assessment payment shall be due immediately.

## FINE

No fine imposed.

## RESTITUTION

Restitution in the amount of $250,000 to victim Jane Doe 1 is hereby imposed.

Pursuant to the "Joint Motion to Include Restitution Stipulation in Judgment" filed by the parties on May 5, 2015, Docket Entry #73, the Court hereby ORDERS defendant to immediately pay $250,000.00 in victim restitution to the Clerk of the Court in this judicial district. The Clerk of the Court is ORDERED, in turn, to disburse upon receipt any funds received from defendant to victim Jane Doe 1, care of the Marsh Law Firm PLLC Client Trust Account. Said payments should be made via government check and mailed to the following address:

The Marsh Law Firm PLLC
Attn: Jane
P.O. Box 4668 #65135
New York, NY 10163-4668
Phone: (212) 372-3030

The defendant shall make restitution payments payable to Clerk, U.S. District Court, 5400 Federal Plaza, Suite 2300, Hammond, IN 46320, for the following payees in the amounts listed below.

| Name of Payee | Amount of Restitution Ordered |
|:---:|:---:|
| JANE DOE 1 | 250,000.00 |

17

USDC IN/ND case 2:13-cr-00084-PPS-PRC   document 84   filed 05/18/15   page 6 of 6
Defendant: DANIEL THOMAS ECKSTROM
Case Number: 2:13CR84-001

Case: 15-2198   Document: 3   Filed: 06/30/2015   Pages: 23
Page 6 of 6

Name:<u>DANIEL THOMAS ECKSTROM</u>
Docket No.:<u>2:13CR84-001</u>

## ACKNOWLEDGMENT OF SUPERVISION CONDITIONS

Upon a finding of a violation of probation or supervised release, I understand that the Court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

I have reviewed the Judgment and Commitment Order in my case and the supervision conditions therein. These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed)

_____        _____
Defendant                                                          Date


_____        _____
U.S. Probation Officer/Designated Witness               Date

18